United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NICK MENDEZ MARTINEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2096 |
| | § | |
| SPROUTS FARMERS MARTKET, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Nick Mendez Martinez, representing himself, sued Sprouts Farmers Market, LLC alleging unlawful religious discrimination by a place of public accommodation, in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a. (Docket Entry No. 1-2 at 5). Sprouts moved to dismiss the claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 3). Martinez did not respond. The court grants the motion to dismiss under Rule 12(b)(1) because Martinez does not have standing to bring this claim. Even if Martinez had standing, the court would grant the motion to dismiss under Rule 12(b)(6) for failure to state a claim. Because amendment would be futile, the court would dismiss with prejudice.

The reasons for these rulings are explained below.

## I.       Legal Standard

### A.       Rule 12(b)(1)

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir.

2012) (quotation omitted).  Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court lacks power to decide a claim when a plaintiff lacks standing to bring the claim.

Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As "the party invoking federal jurisdiction," Martinez "bears the burden of establishing these elements."  *Lujan*, 504 U.S. at 561.  He must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation," which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of . . . standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

**B.     Rule 12(b)(6)**

The court liberally construes pleadings by litigants representing themselves and applies less stringent standards than to parties represented by counsel.  But a self-represented plaintiff's complaint must set forth facts giving rise to a claim on which relief may be granted.  Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short

2

and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Amendment is futile if an amended complaint would fail to state any valid claim for relief. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000)).

## II.    Analysis

### A.    The Motion to Dismiss under Rule 12(b)(1)

Redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43). Martinez only seeks damages for his injuries and injunctive relief is the exclusive remedy under Title II. *See* 42 U.S.C. § 2000a–6; *Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999). His injury will not be redressed by a favorable decision.

Martinez does not allege that Sprouts will violate his rights in the future, (Docket Entry No. 1-2 at 5), nor could he because Sprouts no longer requires face coverings in the Houston stores. (Docket Entry No. 4 at 1; Docket Entry No. 4-1 at 1). A plaintiff who is unable to show a likelihood that he will be subjected to a similar violation in the future lacks standing to sue for injunctive and declaratory relief. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003).

Because Martinez lacks standing, the Rule 12(b)(1) motion to dismiss is granted.

4

### B.        The Motion to Dismiss under Rule 12(b)(6)

Martinez alleges that Sprouts discriminated against him based on his religion by requiring him to wear a face mask or a face shield while shopping inside Sprouts.  (Docket Entry No. 1-2 at 3–5).  Martinez brought his claim under Title II of the Civil Rights Act of 1964, which prohibits discrimination in public accommodations.  Martinez must allege facts that would plausibly show "(1) [he] is a member of a protected class; (2) [he] attempted to contract for the services of a public accommodation; (3) [he] was denied those services; and (4) the services were made available to similarly situated persons outside [his] protected class." *Fahim v. Marriott Hotel Servs*., Inc., 551 F.3d 344, 350 (5th Cir. 2008).  If Martinez satisfies this burden, the burden shifts to Sprouts to plead a legitimate, nondiscriminatory reason for requiring Martinez to wear a face mask.  *Id.* at 349 (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,* 482 F.3d 408, 411–12 (5th Cir.2007).  Martinez would then face the burden of pleading facts showing that the purported reason was a pretext for discrimination.  *Id.*

Martinez has failed to allege a plausible discrimination claim.  He has not alleged that he is a member of a protected class.  He alleges only that he had an unspecified and conclusory "religious reason" for not wearing a face mask.  (Docket Entry No. 1-2 at 3).  Nor has Martinez alleged that similarly situated persons outside his protected class were treated differently.  He alleges that another Sprouts customer was not wearing a face mask and Sprouts did not ask that customer to do so.  (Docket Entry No. 1-2 at 3).  But Martinez does not allege any facts showing that this customer was outside his alleged religiously-protected class.  Nor does Martinez identify any authority prohibiting businesses from requiring masks because of a religious objection to a mask.  *Cf. Resurrection Sch. v. Hertel*, No. 20-2256, 2021 WL 3721475, at *16 (6th Cir. Aug. 23,

2021) (mask mandate was generally applicable, satisfied the rational-basis test, and did not result in "disparate treatment" of students in religious schools).

Martinez has failed to state a claim under Title II against Sprouts.  Martinez also labels his Title II claim as a "negligence" claim, (Docket Entry No. 1-2 at 5), but he has not alleged a duty, a breach, or damages proximately caused by a breach, as required by Texas law.  *See Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).  He has failed to state a negligence claim against Sprouts.

Even if Martinez had standing to bring this claim, the court would grant Sprouts' motion to dismiss for failure to state a claim.  The court would dismiss Martinez's case with prejudice because amendment would be futile.

## III.    Conclusion

Because Martinez lacks standing, Sprouts Farmers Market, LLC's motion to dismiss, (Docket Entry No. 3), is granted and all claims are dismissed.  If Martinez had standing, the court would grant the motion to dismiss based on Martinez's failure to state a claim and dismiss all claims, with prejudice.  An order of dismissal is separately entered.

SIGNED on September 3, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge